By the Court.—Freedman, J.
The action is based on a promissory note, dated October 30, 1882, and made and indorsed by the firm of George Palen & Co., and the complaint charges the defendants with having been the partners who composed that firm. The several answers of the defendants served, either consisted of, or amounted to, a general denial. At the trial, the defendants offered no evidence, and rested their rights upon plaintiff’s case.
It appeared that on December 31, 1881, the several defendants executed a certificate, whereby they assumed to form a limited partnership. The defendants Knight and George E. Palen were named as general partners. The defendants Hoyt, Ladew, Fayerweather and Jane E. Palen were named as special partners. Each special partner was to contribute the sum of $50,000 towards the capital of the partnership, and each of them did, on the day named, pay in a check for that amount. These checks were deposited in the Mechanics’ Bank, to the credit of the firm of George Palen &. Co., and thereupon the said firm at once drew its four checks against this deposit, each for the sum of $50,000, in favor of the four special partners respectively. The firm of George Palen <& Co., thus assumed to have been formed, was not at all *294 indebted at the time to either of the said special partners, but the checks were given to pay them money that was due to them from a former partnership.
As regards such former partnership, it appeared that on November 1, 1876, these same six parties had assumed to form a limited partnership under the statute, which was to terminate on January 1, 1882, but that they had failed to accomplish the purpose, because' no affidavit of the payment of the special capital had ever been made or filed as required' by the statute (1 Edm. R. S. 716, §§ 7 and 8).
The proof therefore showed that, though the form was gone through with on December 31, 1881, of paying in the special capital, the money was not paid in by the special partners with any intent that it should be devoted to the business of the new firm, or be subject to its obligations or risks. It was not, therefore, a case of misappropriation of the special capital by the general partners, but of an immediate withdrawal, of the special capital by the joint act of the generals and specials, for the sole benefit of the specials, and in pursuance of a premeditated and carefully prepared plan. Consequently, the affidavit made by George Palen on December 31, 1881, to the effect that the special capital had been actually and in good faith paid in, and in cash, was false.
The further fact appeared that George Palen & Co. were engaged in business as commission merchants in the city of New York, and also in the business of tanning leather in the county of Cattaraugus, and that no copy of the certificate of December 31, 1881, had ever been filed or recorded in that county, as required by the sixth section of the statute.
Upon these facts there can ■ be no doubt that the defendants failed to accomplish their purpose of forming a limited partnership, and that under section 8 of the statute, they are all liable in a proper action for all the engagements of their firm as general partners.
The defendants contend, however, and most of their *295 exceptions to the admission of evidence, and all their exceptions to the refusal of the court to dismiss the complaint, were taken upon the theory that they are not liable in the action as brought, because the complaint should have been in terms founded upon the statute.
The contention is clearly not well founded, so far as the defendants are concerned who were 'confessedly general partners ; and as to those who claim to have been special partners, the point may be deemed to have been decided against them in this court in Stone v. De Puga (4 Sandf. 681). That the state of the Code then in force, which made a reply to new matter in the answer necessary, if it was to be controverted, does not affect the question under the Code of Civil Procedure, has been held in Sharp v. Hutchinson (49 Super. Ct. 50), Nor can it make any difference in the case at bar, that the defendants interposed a general denial, pure and simple, unaccompanied by a plea of special partnership. If a plaintiff may declare upon a particular cause of action, his right so to proceed can not be wiped out by the nature of defendant’s answer. In the present case, the cause of action has not been created or given by statute against the defendants who claim to have been special partners. They intended to, and in fact did enter into a partnership. If, in doing so, they had strictly complied with the provisions of the statute, which are conditions precedent, they might claim certain benefits under the statute. Having failed to do so, and yet having participated in the partnership business, they cannot claim the said benefits, but are hable to third persons as in case of a partnership at common law. Section 8 of the statute expressly says, that in such a case no limited partnership shall be deemed to have been formed, and that all the persons interested in such partnership shall be liable for all the engagements thereof as general partners. This is a mere re-enactment of the common law doctrine upon the subject. The question seems to have been carefully considered by the supreme court in Haviland v. Chace (39 Barb. 283). *296 The head-note accurately states the point decided, viz : “ If the provisions of the statute are not complied with, the limited partnership is not formed, and if a false affidavit in respect to the payment in cash of the sums alleged to have been contributed by the special partners is filed, all the partners will be liable for all the engagements of th'e partnership as general partners.”
The claim of surprise advanced by the defendants, is equally untenable. In point of fact, no motion was made at the trial on any such ground. As to cases which may hereafter arise, it is sufficient to point out that, whenever it shall be satisfactorily shown that a defendant has been surprised, the court may, and no doubt will, upon such terms as may be just, grant an adjournment. As a general rule of pleading, a plaintiff is bound only to set forth the ultimate facts which constitute his cause of action, viz : a partnership, and if, thereupon, the defendant claims that he was only a partner of a particular kind, and as such exempt from liability under the statute, the burden is upon him to show that he earned his exemption by a full and fair compliance with the provisions of the statute. In this there is no hardship, for the matters upon which his exemption depends, are matters peculiarly within his own knowledge.
Upon a careful examination of the whole case, it fully appears that none of the exceptions taken by the defendants is tenable.
The exceptions of the defendants should be overruled, and judgment ordered upon the verdict in favor of the plaintiff, with costs.
Sedgwick, Oh. J., concurred.